IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES JOHN SHIRLEY, JR., | ) | |
|     Plaintiff, | ) | Civil Case No. 7:19-cv-00535 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| T.C. HOSTETTER, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Charles John Shirley, Jr., a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered May 7, 2020, the court dismissed all of Shirley's claims with prejudice except for his retaliation claim, which the court dismissed without prejudice. As to that claim, the court allowed Shirley thirty days to file an amended complaint, and Shirley has now done so. (Dkt. No. 16.) Upon review of Shirley's amended complaint pursuant to 28 U.S.C. § 1915A(a), however, the court concludes that the amendments do not cure the deficiencies previously identified by the court. For this reason, discussed in more detail below, the amended complaint must be dismissed.

As the court noted in its prior memorandum opinion, Shirley's retaliation claim failed to allege plausible facts to satisfy the third element of a retaliation claim. To succeed on his § 1983 retaliation claim, Shirley must establish that (1) he engaged in protected First Amendment activity, (2) "the alleged retaliatory action adversely affected his protected speech," and (3) a but-for causal relationship existed between the protected activity and the retaliatory act. *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015).

Shirley alleges that his cell was shaken down by defendants Parker and Thompson, which he claims was done in retaliation for his filing an informal complaint against defendant Hostetter. In its prior opinion, the court noted that Shirley had plausibly alleged the first

element of his claim, and the court assumed that a cell shakedown was a sufficiently adverse action to satisfy the second. Nonetheless, the court concluded that the facts alleged by Shirley failed to plausibly allege the third element.

To establish the third element, a plaintiff must show that the protected activity was the but-for cause of the adverse action alleged. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015); *Gregg-El v. Doe*, 746 F. App'x 274, 275 & n.2 (4th Cir. Jan. 3, 2019) (citing to *Foster* in addressing the causation standard in the context of a prisoner's retaliation claim). This "causal requirement is rigorous." *Raub*, 785 F.3d at 885 (internal quotations and citations omitted)).

The court noted that Shirley had not "even alleged that Parker or Thompson *knew* that he had complained about Hostetter, so as to rely on temporal proximity." (Mem. Op. 8.) Instead, "Shirley offer[ed] nothing other than his bald belief that they searched his cell at Hostetter's direction to retaliate against Shirley," which he based on the fact that both Hostetter and Parker "stared" at him on the same date that the search was conducted. (*Id.*) Those allegations were insufficient to state a plausible claim of retaliation. (*See id.* (citing *Adams v. Rice*, 40 F.3d 72, 74 (1994), and *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)).)

In his amended complaint, Shirley adds very little additional detail in support of his claim. He alleges that Parker knew Shirley was going to file an informal complaint against Hostetter, because Shirley had told Parker so, when he asked Parker for an informal complaint form on December 7, the day before the cell search.

Shirley also refers back to an incident that occurred months before the December 2019 search, and he contends that the two incidents show a pattern of retaliation by Hostetter. Specifically, he alleges that his cell was searched and his jeans (and other items) were

confiscated on July 17, 2019.  He claims that the cell search occurred in the evening, and that, earlier that day, he and Hostetter had a conversation about his jeans and the fact that they had holes in them.

First of all, even if the cell search in the earlier incident occurred only because Hostetter did not like the conversation she had with Shirley, that does not necessarily constitute a First Amendment retaliation claim, as Shirley does not even say that he was complaining about any prison-related issue during the conversation.  Under those circumstances, a prisoner simply having a conversation with staff does not implicate the prisoner's First Amendment rights.  More importantly, though, Shirley's assertion that the first incident was retaliatory suffers from the same infirmities that his claim in this case does: there are simply no plausible facts to show that but-for his complaint (or conversation) with Hostetter, his cell would not have been searched.  The timing alone, coupled with Shirley's speculation that the actions were taken in retaliation, are insufficient.  In short, the court again concludes that Shirley's allegations fail to state a plausible claim of First Amendment retaliation.

Because Shirley has already been given one opportunity to cure and his been unable to offer sufficient facts to support his claim, his amended complaint will be dismissed with prejudice.

An appropriate order will be entered.

Entered: July 9, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

3